# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **CHARLENE STEMKE**, individually on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SUNPRO SOLAR, LLC**, a Louisiana company,<br><br>Defendant. | Case no.<br><br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Charlene Stemke ("Plaintiff" or "Plaintiff Stemke") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sunpro Solar, LLC ("Sunpro"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited calls to consumers who registered their phone numbers on the Do Not call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Stemke is an Ocala, Florida resident.

2. Defendant Sunpro is a Louisiana company incorporated in Louisiana and headquartered in Mandeville, Louisiana. Sunpro conducts business throughout this District, Florida, and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct leading to this case was directed by Defendant and received by Plaintiff in this District as part of the business Defendant conducts in this District.

## TELEMARKETING INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry provides for consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2021 alone, at a rate of 147.6 million per day. www.robocallindex.com.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of

---
[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## INTRODUCTION TO SUNPRO

16. Sunpro is a solar energy provider that solicits solar installations properties throughout the United States.[3]

17. Sunpro engages in telemarketing to consumers in order to solicit its solar energy solutions. At no time, do the consumers ever provide their phone numbers to Defendant Sunpro before they start calling them.

18. These cold calls include calling individuals who have registered on the Do Not Call registry, who have never provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

19. For example, Plaintiff Stemke received multiple calls from Sunpro despite never having given her phone number to the Defendant, despite having her landline residential phone number registered on the DNC to prevent such cold calls and despite clear requests for the calls to stop.

20. Numerous consumers have posted complaints online regarding unsolicited telemarketing calls that they received from Defendant Sunpro including:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.gosunpro.com/why-sunpro/

- "Sunpro Solar keeps calling me even though I want nothing to do with this business. Its on the verge of harassment"[4]

- "I have had my phone number for over 20 years. For a majority of that time I have periodically received calls from 'SunPro Solor'. Every time they call they ask for someone named 'Mary'. I have no idea who this is. I tell them it's the wrong number and they still call. I received a call at 849am on 02/24/21, told them it was the wrong number, they called me again today. This is been going on for two decades. The only reason I haven't filed a complaint before is because I've worked in call centers for 25 years and I understand mistakes get made. This is beyond a simple mistake. It has become harassment. I've been told several times that I won't get anymore calls, then a couple days or a couple weeks later they start up again. The number calling me is ###-###-####. They say they work for Sunpro Solor."[5]

- "Unsolicited phone calls 24/7, they gave me an email to confirm which I do not use for important information or important personal quotes, I asked how they got my number and that email and evaded the question with giving me a date to talk with rep without me asking for one at all, they were pushy about getting a date and a rep to come to my home which I had told them I didn't want to due to having a solar system on the way already but never heard me say that due to they were overbearing and pushy for an appointment."[6]

- "SunPro Solar uses or employs a company that violates the do not call registry in an effort to generate leads. I have been called twice in the last 2 days by this auto dilar/robot system, and when I get past the robot it transfers me to SunPro Solar. So SunPro Solar is paying this robot company for leads, therefore they are contributing to the problem. Stop calling!"[7]

- "Unsolicited phone calls 24/7"[8]

- "…they will NEVER stop calling you every day."[9]

---

[4] https://www.bbb.org/us/la/mandeville/profile/solar-energy-design/sunpro-solar-0985-90006391/complaints
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] https://800notes.com/Phone.aspx/1-866-450-1012

5

- "I get at least one call a day from SunPro. I've told them that if and when I decide to go solar, i will notify them. I usually just skip the call."[10]

- "Unsolicited call"[11]

- "Reduce electric bill, asked for me by name…blocked"[12]

- "After dozens of unsolicited calls the telemarketers finally told me they're from Sunpro Solar. Great job, team."[13]

21. In response to these unsolicited calls, Plaintiff Stemke files this lawsuit seeking monetary and injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF STEMKE'S ALLEGATIONS

22. Plaintiff Stemke registered her residential phone number on the DNC on June 30, 2003.

23. Plaintiff Stemke uses her residential phone number for personal use only.

24. In approximately February of 2021, Plaintiff started receiving unsolicited telemarketing calls from Defendant to her residential landline phone number regarding solar installations.

25. Plaintiff answered at least 2 calls and specifically instructed the callers not to call her anymore.

26. Plaintiff was not looking to get solar installed in her home.

---

[10] https://www.shouldianswer.com/phone-number/8664501012
[11] *Id.*
[12] https://800notes.com/Phone.aspx/1-813-580-5263
[13] https://www.facebook.com/goSUNPRO/reviews/?ref=page_internal

6

27. Despite her requests for the calls to stop, Defendant's agents continued to place unsolicited calls to Plaintiff's phone number.

28. The live agents did not leave voicemails and did not mention a company name in any of the calls that Plaintiff answered.

29. Plaintiff received multiple calls from Defendant per week, sometimes including more than 1 phone call per day.

30. For example, on March 8, 2021, Plaintiff received 3 unsolicited calls from Defendant:

- March 8, 2021 from 352-218-5852
- March 8, 2021 at 5:15 PM from 352-218-6435
- March 8, 2021 at 8:00 PM from 352-218-5851

31. Plaintiff's attorneys called 352-218-5851 on March 21, 2021 and confirmed that this phone number belongs to Sunpro.

32. Plaintiff's attorneys called 352-218-5852 and 352-218-6435 but both of the phone numbers are not in service.

33. On March 9, 2021 at approximately 2:30 PM, Plaintiff received another unsolicited call from Defendant, this time from phone number 352-218-3644.

34. Plaintiff missed this call but she called 352-218-3644 back at approximately 2:55 PM using her residential phone number.

35. A live agent answered the call but the agent did not mention a company name.

36. Plaintiff asked the agent which company she works for, but the agent simply hung-up the phone.

37. Plaintiff's attorneys called 352-218-3644 on March 22, 2021 and confirmed this phone number belongs to Sunpro.

38. Plaintiff Stemke never consented to receiving solicitation calls from Defendant Sunpro.

39. Plaintiff never provided her landline residential phone number to Defendant Sunpro.

40. In addition, Plaintiff specifically instructed Defendant to stop calling, but Defendant continued to place unsolicited calls to her residential phone number.

41. The unauthorized telephone calls placed by Defendant, as alleged herein, have harmed Plaintiff Stemke in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

42. Seeking redress for these injuries, Plaintiff Stemke, on behalf of herself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls to phone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

43. Plaintiff Stemke brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom the Defendant claims they obtained the person's number in the same manner as Defendant obtained Plaintiff's number.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that Defendant stop calling.

44. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Stemke anticipates the need to amend the Class definitions following appropriate discovery.

45. **Typicality and Numerosity**: Plaintiff is a member of the Classes, and on information and belief, there are hundreds, if not thousands of members of the Classes, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

46. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether the Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

    (c)    whether the Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

47. **Adequate Representation**: Plaintiff Stemke will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Stemke has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Stemke and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the

financial resources to do so. Neither Plaintiff Stemke nor her counsel have any interest adverse to the Classes.

48. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Stemke. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Stemke and the Do Not Registry Class)**

49. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

50. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c),

provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

52. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Stemke and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Stemke and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

54. As a result of Defendant's conduct as alleged herein, Plaintiff Stemke and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such

violations of 47 C.F.R. § 64.1200.

55. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Stemke and the Internal Do Not Call Class)

56. Plaintiff repeats and realleges paragraphs 1-48 of this Complaint and incorporates them by reference herein.

57. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-

13

not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

58. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class on behalf of the Defendant without implementing internal procedures for maintaining a list of persons who request not to be called by the

14

entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing calls.

59. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

60. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stemke, individually and on behalf of the Classes, pray for the following relief:

61. An order certifying this case as a class action on behalf of the Classes, as defined above; appointing Plaintiff Stemke as the representative of the Classes; and appointing her attorneys as Class Counsel;

62. An award of actual and/or statutory damages and costs;

63. An order declaring that Defendant's actions, as set out above, violate the TCPA;

64. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

65. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Stemke requests a jury trial.

Respectfully Submitted,

**CHARLENE STEMKE**, individually and on behalf of those similarly situated individuals

Dated: May 20, 2021

/s/*Stefan Coleman*
Stefan Coleman (Florida Bar no. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (Florida Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (Florida Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
*Trial counsel

*Attorneys for Plaintiff and the putative Classes*