**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHARLENE STEMKE**, individually on behalf of all others similarly situated,

Plaintiff,

v.

**MARC JONES CONSTRUCTION, LLC**, a Louisiana company,

Defendant.

Case No. 5:21-cv-00274-JSM-PRL

**DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION AND SUMMARY OF ARGUMENT............................1

II. RELEVANT ALLEGATIONS ........................................................3

III. LEGAL STANDARDS ................................................................4

A. RULE 12(B)(6) – FAILURE TO STATE A CLAIM FOR RELIEF........................................................................4

B. RULE 12(B)(1) – LACK OF SUBJECT MATTER JURISDICTION (STANDING).............................................5

IV. ARGUMENT...........................................................................6

A. THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE TCPA......................................6

1. PLAINTIFF FAILS TO PLEAD FACTS SUPPORTING DIRECT TCPA LIABILITY. ..................................................7

2. PLAINTIFF FAILS TO PLEAD FACTS SUPPORTING VICARIOUS TCPA LIABILITY...........................................10

3. PLAINTIFF FAILS TO PLEAD FACTS SUPPORTING HER DNC CLAIM. ...............................................................12

B. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.......................................................15

C. ALTERNATIVELY, PLAINTIFF'S CLASS AND OTHER IMPROPER ALLEGATIONS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23.......................................................16

1. PLAINTIFF'S PROPOSED CLASSES ARE IMPERMISSIBLY "FAIL-SAFE." ........................................17

2. COMMON QUESTIONS OF LAW AND FACT DO NOT PREDOMINATE.........................................................19

3. PLAINTIFF'S PROPOSED CLASSES ARE IMPERMISSIBLY OVERBROAD.........................................21

4. THE "SUPERFLUOUS HISTORICAL ALLEGATIONS" SHOULD BE STRICKEN........................23

V. CONCLUSION.........................................................................24

## TABLE OF AUTHORITIES

**Page**

### CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ........................................9

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018)........................................7

*Abramson v. 1 Glob. Capital, LLC*,
2015 WL 12564318 (S.D. Fla. Sept. 23, 2015)........................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................4, 15

*Atkinson v. Wal-Mart Stores, Inc.*,
2009 WL 1458020 (M.D. Fla. May 26, 2009) ........................................16

*Bacon v. Stiefel Lab'ys, Inc.*,
275 F.R.D. 681 (S.D. Fla. 2011)........................................19

*Baisden v. Credit Adjusts., Inc.*,
813 F.3d 338 (6th Cir. 2016) ........................................21

*Balassiano v. Fogo De Chao Churrascaria (Orlando) LLC*,
2020 WL 7365264 (M.D. Fla. Dec. 15, 2020) ........................................18

*Balthazor v. Cent. Credit Servs., Inc.*,
2012 WL 6725872 (S.D. Fla. Dec. 27, 2012)........................................20

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019)........................................15

*Barnett v. Bank of Am., N.A.*,
2021 WL 2187950 (W.D.N.C. May 28, 2021)........................................21

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................4

*Chapman v. CKE Restaurants Holdings, Inc.*,
2020 WL 1230130 (E.D.N.C. Mar. 12, 2020)........................................16

*Cherry v. F.C.C.*,
2009 WL 4668405 (M.D. Fla. Dec. 3, 2009) ........................................5

*Cholly v. Uptain Grp., Inc.*,
2017 WL 449176 (N.D. Ill. Feb. 1, 2017) ........................................20

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Cone Corp. v. Fla. Dep't of Transp.*,
921 F.2d 1190 (11th Cir. 1991) ....................5

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) ....................20

*Davila v. Delta Air Lines, Inc.*,
326 F.3d 1183 (11th Cir. 2003) ....................5

*Donaca v. Dish Network, LLC*,
303 F.R.D. 390 (D. Colo. 2014) ....................7, 12

*Dorfman v. Albertson's LLC*,
2020 WL 86192 (D. Idaho Jan. 7, 2020) ....................20

*Eldridge v. Cabela's Inc.*,
2017 WL 4364205 (W.D. Ky. Sept. 29, 2017) ....................20

*Ellison v. Crews*,
2018 WL 3999661 (M.D. Fla. July 16, 2018) ....................4

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994) ....................23

*Fennell v. Navient Sols., LLC*,
2019 WL 3854815 (M.D. Fla. June 14, 2019) ....................18

*Fleming v. Diversified Consultants, Inc.*,
2014 WL 6747150 (M.D. Fla. Nov. 26, 2014) (**Moody, J.**) ....................9

*Foxx v. Ocwen Loan Servicing, LLC*,
2012 WL 2048252 (M.D. Fla. June 6, 2012) ....................17

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ....................8

*Gallegos v. Roman Catholic Archbishop of San Francisco*,
2016 WL 3162203 (N.D. Cal. June 7, 2016) ....................23

*Gen. Tel. Co. of the Sw. v. Falcon*,
457 U.S. 147 (1982) ....................16

*GeorgiaCarry.Org, Inc. v. Georgia*,
687 F.3d 1244 (11th Cir. 2012) ....................4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Glass v. Tradesmen Int'l, LLC*,
2020 WL 7129594 (N.D. Ohio Dec. 4, 2020) ....................22

*Green v. United States*,
700 F. Supp. 2d 1280 (M.D. Fla. 2010), *aff'd*, 418 F. App'x 862 (11th Cir. 2011) ....................11

*Hamilton v. Moussa*,
2020 WL 8993127 (C.D. Cal. Apr. 30, 2020) ....................9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ....................19

*Hicks v. Alarm.com*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ....................6, 15

*Hirsch v. Lyndon S. Ins. Co.*,
2019 WL 5110622 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.,* 2019 WL 8370863 (Aug. 6, 2019), *aff'd*, 805 F.App'x 987 (11th Cir. 2020) ....................8, 11

*Hunter v. Diversified Consultants, Inc.*,
2014 WL 6747153 (M.D. Fla. Nov. 26, 2014) (**Moody, J.**) ....................9

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
934 F. Supp. 2d 1219 (C.D. Cal. 2013) ....................24

*In re Dish Network, LLC*,
2013 WL 1934349, 28 FCC Rcd. 6574 (2013) ....................7

*In re Easysaver Rewards Litig.*,
737 F. Supp. 2d 1159 (S.D. Cal. 2010) ....................24

*In Re Rules & Regs. Implementing the TCPA of 1991*,
18 F.C.C. Rcd. 14014 (2003) ....................14

*Jaafar Inv. Corp. v. Scottsdale Ins. Co.*,
2019 WL 8014368 (S.D. Fla. June 7, 2019) ....................5

*Jackson v. Caribbean Cruise Line, Inc.*,
88 F. Supp. 3d 129 (E.D.N.Y. 2015) ....................8

*Jackson v. Motel 6 Multipurpose, Inc.*,
130 F.3d 999 (11th Cir. 1997) ....................17

*Lawson v. Life of the S. Ins. Co.*,
286 F.R.D. 689 (M.D. Ga. 2012) ....................16, 17

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)....................5, 15

*Licari Family Chiropractic v. eClinical Works, LLC*,
2018 WL 1449581 (M.D. Fla. Feb. 16, 2018)....................23

*Linlor v. Five9, Inc.*,
2017 WL 5885671 (S.D. Cal. Nov. 29, 2017)....................11, 12

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................5, 6, 15, 16

*Maine State Retirement Sys. v. Countrywide Fin. Corp.*,
2011 WL 4389689 (C.D. Cal. May 5, 2011)....................24

*McReynolds v. Lowe's Cos. Inc.*,
2008 WL 5234047 (D. Idaho Dec. 12, 2008)....................24

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ....................8, 11

*MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*,
755 F. Supp. 2d 1205 (M.D. Fla. 2010)....................17

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019)....................13

*Nece v. Quicken Loans, Inc.*,
2018 WL 1326885 (M.D. Fla. Mar. 15, 2018)....................14

*New Concept Dental v. Dental Res. Sys., Inc.*,
2020 WL 3303064 (S.D. Fla. Mar. 3, 2020) ....................20

*Newhart v. Quicken Loans Inc.*,
2016 WL 7118998 (S.D. Fla. Oct. 12, 2016) ....................20

*Nordstrom, Inc. v. NoMoreRack Retail Grp.*,
2013 WL 1196948 (W.D. Wash. Mar. 25, 2013)....................24

*Orsatti v. Quicken Loans, Inc.*,
2016 WL 7650574 (C.D. Cal. Sept. 12, 2016)....................14

*Pascal v. Agentra, LLC*,
2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ....................7

*Pepka v. Kohl's Dep't Stores, Inc.*,
2016 WL 8919460 (C.D. Cal. Dec. 21, 2016)....................17, 20

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Ramsay v. Frontier, Inc.*,
2021 WL 651021 (D. Colo. Feb. 19, 2021)....................22

*Reo v. Caribbean Cruise Line, Inc.*,
2016 WL 1109042 (N.D. Ohio Mar. 18, 2016)....................13

*Saulsberry v. Meridian Financial Servs., Inc.*,
2016 WL 3456939 (C.D. Cal. Apr. 14, 2016)....................20

*Sauter v. CVS Pharmacy, Inc.*,
2014 WL 1814076 (S.D. Ohio May 7, 2014)....................17

*Scruggs v. CHW Grp., Inc.*,
2020 WL 9348208 (E.D. Va. Nov. 12, 2020)....................15

*Sheski v. Shopify (USA) Inc.*,
2020 WL 2474421 (N.D. Cal. May 13, 2020)....................7, 11

*Simon v. Eastern Ky. Welfare Rights Org.*,
426 U.S. 26 (1976)....................15

*Sinaltrainal v. Coca-Cola Co.*,
578 F.3d 1252 (11th Cir. 2009)....................4

*Smith v. State Farm Mut. Auto. Ins. Co.*,
30 F. Supp. 3d 765 (N.D. Ill. 2014)....................9

*Smith v. Vision Solar LLC*,
2020 WL 5632653 (E.D. Pa. Sept. 21, 2020)....................9

*Spitalny v. Insurers Unlimited, Inc.*,
2005 WL 1528629 (M.D. Fla. June 24, 2005)....................23

*Stapleton v. State Farm Fire & Cas. Co.*,
11 F. Supp. 2d 1344 (M.D. Fla. 1998)....................23

*Tillman v. Ally Fin. Inc.*,
2017 WL 7194275 (M.D. Fla. Sept. 29, 2017)....................20

*Tomaszewski v. Circle K Stores Inc.*,
2021 WL 2661190 (D. Ariz. Jan. 12, 2021)....................19

*Tomelleri v. Natale*,
2020 WL 5887151 (S.D. Fla. July 16, 2020)....................6

*Walewski v. Zenimax Media, Inc.*,
502 F.App’x 857 (11th Cir. 2012) (*per curiam*)....................22

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Wick v. Twilio Inc.*,
2017 WL 2964855 (W.D. Wash. July 12, 2017) .......... 10

*Wiseberg v. Toyota Motor Corp.*,
2012 WL 1108542 (D.N.J. Mar. 30, 2012) .......... 24

*Woo v. Home Loan Group, L.P.*,
2007 WL 6624925 (S.D. Cal. July 27, 2007) .......... 23

## STATUTES

47 C.F.R. § 64.1200(c)(2) .......... 22

47 C.F.R. §§ 64.1200(c)(2) & (d) .......... 6

47 C.F.R. §§ 64.1200(c)(2) & (f)(15) .......... 21

47 C.F.R. § 64.1200(d)(3) .......... 14

47 C.F.R. § 64.1200(f)(15) .......... 13, 22

47 U.S.C. § 227(c)(5) .......... 1, 13, 21, 22

47 U.S.C. §§ 227(c)(5) & (d) .......... 6

## OTHER AUTHORITIES

Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005) .......... 22

## RULES

Fed. R. Civ. P. 12(b)(1) .......... passim

Fed. R. Civ. P. 12(b)(6) .......... passim

Fed. R. Civ. P. 12(f) .......... 1, 17, 23, 24

Fed. R. Civ. P. Rule 23 .......... 17

Fed. R. Civ. P. Rule 23(b)(3) .......... 19, 20

Defendant Marc Jones Construction, LLC d/b/a Sunpro ("Sunpro"), by and through its undersigned counsel, hereby respectfully moves to dismiss the amended putative class action complaint (Dkt. 11, "Amended Complaint" or "FAC") filed by plaintiff Charlene Stemke ("Plaintiff") in this matter for: (i) failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of federal subject matter jurisdiction due to Plaintiff's failure to demonstrate standing under Article III of the United States Constitution pursuant to Fed. R. Civ. P. 12(b)(1); or (ii) in the alternative, to strike Plaintiff's facially-uncertifiable class claims pursuant to Fed. R. Civ. P. 12(f) and/or 23.

In support thereof, Sunpro respectfully submits the following incorporated memorandum of law.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff sues Sunpro under the National "Do Not Call" Registry ("DNC") provision of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227(c)(5)) and its implementing regulations based upon her alleged receipt of calls to her residential landline "regarding solar installations." Yet, Plaintiff fails to support a plausible inference that Sunpro is directly or vicariously liable for the particular calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue.

Indeed, Plaintiff affirmatively pleads that ***no company name was mentioned on any of the calls she received*** and pleads only a bald conclusion that Sunpro or its agents must have been the supposed callers. Plaintiff alleges:

- "The live agents did not leave voicemails and did not mention a company name in any of the calls that Plaintiff answered." FAC ¶ 28.
- When Plaintiff allegedly called one of the numbers back, "[a] live agent answered the call but the agent did not mention a company name. Plaintiff asked the agent which company she works for, but the agent simply hung-up the phone." FAC ¶¶ 35-36.
- Plaintiff's attorneys "confirmed" that two of the numbers "belong[] to Sunpro" without further elaboration. FAC ¶¶ 31, 37.

The Amended Complaint thus offers no factual allegations connecting Sunpro to the alleged calls. As demonstrated below, Plaintiff's Amended Complaint should be dismissed in its entirety for at least the following reasons:

**First**, the Court should dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to sufficiently allege that Sunpro (i) took any steps to "physically" make or initiate the calls at issue, as required for direct TCPA liability or (ii) had an agency relationship with or control over any third parties who did, as required for vicarious TCPA liability.

**Second**, the Court should also dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to plead sufficient facts demonstrating any of the at-issue calls were "telephone solicitations" "initiated" "by or on behalf of the same entity" as required to state a DNC claim under Section 227(c) of the TCPA.

**Third**, the Court should also dismiss for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has not met the requisite elements for Article III standing—specifically, causation and redressability. In this regard, Plaintiff fails to plead sufficient facts tracing her purported injuries to Sunpro or explaining how any relief from Sunpro will redress alleged injuries caused to her by unidentified third parties.

**Finally**, while the Complaint should be dismissed for the various reasons set forth above, Plaintiff's class allegations are so facially inadequate that certification cannot be granted as pled. Thus, if the Court does not dismiss the Complaint in its entirety, it should strike those improper allegations under Rules 12(f) and 23.

## II. RELEVANT ALLEGATIONS

Plaintiff alleges that she began receiving "unsolicited telemarketing calls from Defendant to her residential landline phone number regarding solar installations" in approximately February of 2021. FAC ¶ 24. Plaintiff does not provide the specific dates of these alleged calls or any details regarding the content of these February calls. Plaintiff alleges that she "answered at least 2 calls" on unspecified dates and "instructed the callers not to call her anymore." *Id.* ¶ 25. Plaintiff claims that she subsequently received approximately four calls from four different outbound phone numbers on March 8 and 9, 2021 and concludes that the calls were "from Defendant" and/or "Defendant's agents" despite admitting that "[t]he live agents did not leave

voicemails and did not mention a company name in ***any of the calls*** that Plaintiff answered." *Id*. ¶¶ 27-28, 30, 33, 35-36 (emphasis added). Plaintiff alleges that her attorneys called all four numbers back and "confirmed" that two of these phone numbers "belong[] to Sunpro," though how or on what basis they reached this conclusion is left unstated. *Id*. ¶¶ 31, 37. The other two numbers were purportedly no longer in service. *Id*. ¶ 32. Despite not alleging the content of any of these alleged calls, Plaintiff concludes that all of the calls were "solicitation calls." *Id*. ¶ 38.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6) – Failure to State a Claim for Relief

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. A "bare assertion" and "conclusory allegation[s]" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Ellison v. Crews*, 2018 WL 3999661, at *2 (M.D. Fla. July 16, 2018), *report and rec. adopted*, 2018 WL 3997975 (M.D. Fla. Aug. 21, 2018) (quoting *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009)). Instead, Plaintiff must "include ***factual*** allegations for ***each essential element*** of … [her] claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (emphasis added).

Moreover, while the Court must generally accept Plaintiff's factual allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Jaafar Inv. Corp. v. Scottsdale Ins. Co.*, 2019 WL 8014368, at *1 (S.D. Fla. June 7, 2019) ("Defendant is correct that Plaintiff supports his allegations with insufficient ***specific facts*** about the nature and extent of [his] alleged loss.") (emphasis added).

**B. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction (Standing)**

Fed. R. Civ. P. 12(b)(1) provides that a complaint is properly dismissed where there is a lack of subject matter jurisdiction. *See Cherry v. F.C.C.*, 2009 WL 4668405, at *5 (M.D. Fla. Dec. 3, 2009) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). In this regard, Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate only certain cases and controversies. To establish Article III standing, Plaintiff must plausibly allege that: (i) she suffered a concrete and particularized "injury in fact," (ii) there is a causal connection between her injury and the conduct complained of (*i.e.*, causation), and (iii) her injury must be capable of being redressed by a favorable decision (*i.e.*, redressability). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S.

118, 125 (2014). Additionally, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Like under Rule 12(b)(6), conclusory allegations are just as insufficient under Rule 12(b)(1). *See, e.g., Tomelleri v. Natale*, 2020 WL 5887151, at *2 (S.D. Fla. July 16, 2020); *see also Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing TCPA case under Rules 12(b)(1) and 12(b)(6) because "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing).

## IV. ARGUMENT

### A. The FAC Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Fails to State a Claim for Relief Under the TCPA.

Plaintiff seeks relief under the TCPA's DNC provisions and related implementing regulations, which together and in pertinent part: (i) prohibit "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry; and (ii) require any "person or entity making a call for telemarketing purposes" to "honor a residential subscriber's do-not-call request" made to them within a "reasonable time" and to have internal DNC policies and procedures in place meeting certain minimum standards. 47 U.S.C. §§ 227(c)(5) & (d); 47 C.F.R. §§ 64.1200(c)(2) & (d); FAC ¶¶ 49-60.

**1. Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability.**

It is well established that, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) ***directly make*** the call, or (2) have an ***agency relationship*** with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)) (emphasis added). It is equally well accepted that direct liability under the TCPA applies only to persons or entities that "initiate" telemarketing calls and that to "initiate" in this context means to "physically place" a phone call. *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)). This rule also applies to claims brought under the TCPA's National DNC Registry provision. *See, e.g., Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 393-96 (D. Colo. 2014).

Thus, courts routinely dismiss direct TCPA liability claims at the pleadings stage that, like Plaintiff's, lack sufficient factual allegations demonstrating the defendant actually "initiated" the calls at issue in the sense of "***tak[ing] the steps necessary to physically place" a call***. *Sheski*, 2020 WL 2474421, at *2-4 (quoting *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. at 6583 ¶ 26).

In short, "[m]erely alleging that [a defendant] 'made' or 'initiated' [a] call"—which is all Plaintiff does here—"is not sufficient to allege a [direct] TCPA [liability]

claim" or to avoid dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC,* 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019).[1]

In this case, Plaintiff does not plausibly allege that Sunpro itself, as opposed to some unidentified third party, physically made any of the at-issue calls. Indeed, Plaintiff alleges she received calls from at least four different phone numbers and admits that no company name was mentioned in ***any of the calls*** she purportedly received. *See* FAC ¶¶ 24-28, 30-36. And while Plaintiff alleges in conclusory fashion that ***her attorney*** called the numbers back and "confirmed that [two of] th[ese] phone number[s] belong[ed] to Sunpro," Plaintiff pleads no facts to explain how her attorney knew that the phone numbers belonged to Sunpro. *See* FAC ¶¶ 31-37. The remaining allegations provide no factual support suggesting that the calls at issue were physically placed by Sunpro. *See Hirsch v. Lyndon S. Ins. Co.,* 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.,* 2019 WL 8370863 (Aug. 6, 2019), *aff'd*, 805 F.App'x 987 (11th Cir. 2020) (affirming dismissal in part because the plaintiff "allege[d] in only conclusory terms …that the subject telemarketing calls…were made either by 'Defendants,' 'by or on behalf of Defendants,' or by 'Defendants, either directly or through their agents.' Thus, it

[1] While the TCPA's cell phone provision says "make any call" whereas the landline provision (§227(b)(1)(B), not applicable here) says "initiate any telephone call," courts evaluating direct TCPA liability claims, like those above and others, have uniformly held that "make" or "initiate" in this context means to "physically" place the call or send the text at issue. *See, e.g., Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *3–5 (N.D. Cal. Mar. 28, 2018); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 134-35 (E.D.N.Y. 2015).

remains unclear who made the subject calls and what theory of liability Plaintiff intends to pursue…”); *see also Hunter v. Diversified Consultants, Inc.*, 2014 WL 6747153, at *1 (M.D. Fla. Nov. 26, 2014) (dismissing where plaintiff “merely recite[d] the elements of a claim for liability under the TCPA” without adequate factual support) (**Moody, J.**); *Fleming v. Diversified Consultants, Inc.*, 2014 WL 6747150, at *1 (M.D. Fla. Nov. 26, 2014) (ruling similarly) (**Moody, J.**).

Numerous courts have recognized that such bald allegations say nothing about ***who physically*** placed the calls at issue ***in the first place*** and thus do not support direct TCPA liability. *See, e.g., Aaronson v. CHW Grp., Inc.*, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing where plaintiff merely alleged the call originated from “one of the [d]efendant’s many telephone numbers,” holding that “at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that [physically] made the calls” at issue); *Hamilton v. Moussa*, 2020 WL 8993127, at *2 (C.D. Cal. Apr. 30, 2020) (ruling similarly); *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (same, citing *Aaronson*).

Moreover, courts have also recognized that even an alleged call purportedly “from” the defendant does not, standing alone, allow for a plausible inference that the defendant itself, not a third party, physically made or initiated it. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (“[A]

seller generally does not 'initiate' calls [within the meaning of the TCPA for direct liability purposes] placed by [alleged] third-party telemarketers."); *Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product" for direct TCPA liability purposes). Here, Plaintiff concludes that the calls were "from Defendant" and/or "Defendant's agents" without facts to support either conclusion. FAC ¶¶ 24-33. Accordingly, Plaintiff cannot avoid dismissal under Rule 12(b)(6).

#### 2. Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability.

Plaintiff likewise fails to plausibly allege vicarious liability under the TCPA. In this regard, vicarious liability cannot be casually pled; rather, courts uniformly require plaintiffs to meet a certain pleading threshold. As discussed above, it is unclear whether Plaintiff contends that Sunpro is directly or vicariously liable under the TCPA, or both. To the extent Plaintiff claims that Sunpro is vicariously liable under the TCPA, her claims likewise fail.

Indeed, vicarious liability in any context requires a special relationship between a principal and an agent. *See* Restatement (3d) of Agency ("Restatement") § 1.01, cmt. c ("[T]he concept of agency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights

and duties of the other person."); *see also Green v. United States*, 700 F. Supp. 2d 1280, 1301 (M.D. Fla. 2010), *aff'd*, 418 F. App'x 862 (11th Cir. 2011) (applying Restatement (Third) Agency § 1.01). This requires "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks,* 2018 WL 1524067, at *5 (citation omitted).

For these reasons, especially applicable here, courts routinely dismiss bald TCPA claims like Plaintiff's. *See*, *e.g.*, *Hirsch,* 2019 WL 5110622, at *6 (dismissing, noting that the FCC "has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller"); *Childress*, 2018 WL 4684209, at *3 (noting that a plaintiff "cannot simply allege general control in a vacuum"); *Sheski*, 2020 WL 2474421, at *4 (dismissing where "[t]here [we]re no factual allegations that support any sort [of] agency relationship outside of Plaintiff's conclusory statement that 'Defendants and their agents transmit text messages'").

In this case, Plaintiff merely employs various legal buzzwords, without supporting factual details, to suggest that "Defendant's agents" placed some or all

of the at-issue calls. *See* FAC ¶¶ 27-28. But Plaintiff does not allege that any caller ever identified themselves as an employee of or as being affiliated with Sunpro, much less any facts supporting a plausible inference that Sunpro directed or controlled the calling party's conduct, as is required to plead actual agency. *See*, *e.g.*, *Jones*, 887 F.3d at 450; *see also Monitronics*, 223 F. Supp. 3d at 520 (discussing similar factors). Nor does Plaintiff allege that ***Sunpro*** did or said anything to her or that she ***relied*** on such actions or statements to her ***detriment***, as is required to plead apparent authority. *See Linlor*, 2017 WL 5885671, at *3.

Thus, Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for this reason, as well. *See, e.g., Abramson v. 1 Glob. Capital, LLC*, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing where plaintiff's "allegations of vicarious [TCPA] liability [we]re conclusory in nature").

**3. Plaintiff Fails to Plead Facts Supporting Her DNC Claim.**

Plaintiff fails to plead sufficient facts supporting the essential elements of a claim under Section 227(c) of the TCPA in at least the following two ways:

**First**, as discussed above, Plaintiff does not plausibly allege that Sunpro itself "physically placed" the calls at issue or that Sunpro was in an agency relationship with any third parties who did. Thus, Plaintiff also fails to plead that all the at-issue calls were "initiated" "by or on behalf of the ***same entity***" as required to state a Section 227(c) claim. *See, e.g., Donaca*, 303 F.R.D. at 393–96 (holding that, under

§ 227(c)(5) of the TCPA, a defendant must have "physically place[d]" the call or be vicariously liable under common law agency principles); *Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (dismissing Section 227(c) claim where plaintiff failed to plead any facts suggesting defendant or an entity under its control made the calls at issue). The FAC should be dismissed in its entirety for this reason alone.

**Second**, Plaintiff fails to allege that she received more than one "telephone solicitation" call as required under Section 227(c). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" without their "prior express invitation or permission." 47 C.F.R. § 64.1200(f)(15). While Plaintiff baldly concludes the at-issue calls were "telemarketing" or "solicitation calls" (FAC ¶¶ 24, 38), the only purported fact she provides is that the calls were "regarding solar installations." FAC ¶ 24. Thus, Plaintiff's DNC claim should be dismissed for this independently dispositive additional reason. *See, e.g., Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) (granting motion to dismiss where "Plaintiffs merely state[d] that they received a "significant number of phone calls" to "solicit [the cruise line's] services. There is no description of the content of the calls (or texts)…").

**Third**, the internal DNC provisions provide a 30-day window to honor a request to be placed on an internal DNC list. *See* 47 C.F.R. § 64.1200(d)(3). In this regard, the FCC has noted that internal DNC requests should be honored "within a ***few days or weeks.***" *In Re Rules & Regs. Implementing the TCPA of 1991*, 18 F.C.C. Rcd. 14014, ¶ 94 (2003) (emphasis added). "[A] telemarketer must implement a procedure to honor a do-not-call request in a ***reasonable time, not immediately***." *Nece v. Quicken Loans, Inc.*, 2018 WL 1326885, at *6 (M.D. Fla. Mar. 15, 2018) (emphasis added); *see also Orsatti v. Quicken Loans, Inc.*, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016) (granting Rule 12(b)(6) motion to dismiss where only other alleged call was within 30-day safe harbor).

Here, Plaintiff at best alleges (in conclusory fashion) calls by Sunpro on March 8-9, 2021 (FAC ¶¶ 30, 33), too narrow a window to support a claim based on failure to honor a request not to be called. *See Orsatti,* 2016 WL 7650574, at *7 (granting motion to dismiss where all alleged calls were within a single month). While Plaintiff also alleges calls in February 2021, these allegations should be disregarded because Plaintiff does not plead – even in conclusory fashion – that Plaintiff's attorneys could "confirm" the February 2021 numbers "belong" to Sunpro, as they supposedly did for the March 8-9 calls. FAC ¶¶ 31, 37. Plaintiff's allegations therefore fall short of amounting to a failure to honor a request not to be called within 30 days, and Count II should therefore be dismissed.

### B. The Amended Complaint Should Be Dismissed Under Rule 12(b)(1) Because Plaintiff Lacks Article III Standing.

As noted above, to meet the causation element, the "injury in fact" must be "fairly traceable" to the defendant's conduct. *Lexmark*, 572 U.S. at 125; *see also Lujan,* 504 U.S. at 560-61 (an injury is not fairly traceable to the defendant if the injury complained of is "th[e] result [of] the ***independent action of some third party*** not before the court") (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 41–42 (1976)) (emphasis added). Here, because Plaintiff failed to plead facts showing any conduct attributable to Sunpro as opposed to third parties, let alone that Sunpro had any relationship with any responsible third party, she lacks Article III standing; therefore, this Court lacks federal subject matter jurisdiction and the Amended Complaint should be dismissed under Rule 12(b)(1). *See, e.g., Hicks*, 2020 WL 9261758, at *5 (holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly); *see also Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *8 (E.D. Va. Nov. 12, 2020) (holding that "[h]aving found that the contested calls are not fairly traceable to [the defendant] in the context of standing [under Rule 12(b)(1)], the Court also finds that [plaintiff] has not adequately pled facts under the [*Twombly*/]*Iqbal* pleading standards supporting direct or vicarious liability under the TCPA" under Rule 12(b)(6)).

Moreover, Plaintiff also has not shown her claims can be adequately redressed by Sunpro. Redressability means a non-speculative "likel[ihood]" that the injury alleged will be remedied "by a favorable decision." *See Lujan*, 504 U.S. at 560-61. In addition to statutory damages and other relief, Plaintiff vaguely seeks injunctive relief. *See* FAC ¶ 21. But because Plaintiff pleads no specific facts showing any conduct attributable ***to*** Sunpro, her injury is not capable of being redressed ***by*** Sunpro. Thus, Plaintiff lacks Article III standing, and the Court should dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.[2]

### C. Alternatively, Plaintiff's Class and Other Improper Allegations Should Be Stricken Under Rules 12(f) and 23.

It is well settled that "[s]ometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action and, thus, that a court may properly resolve class certification at the pleadings stage on a defendant's motion to strike before the plaintiff has moved to certify. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 695 (M.D. Ga. 2012).

In this regard, courts in the Eleventh Circuit and elsewhere have widely recognized that they may (and, indeed, ***should*** in appropriate cases) strike faulty

[2] Of course, because Plaintiff "lacks standing to bring the asserted claims on h[er] own behalf" against Sunpro, she also "lacks standing to represent a class asserting such claims." *Atkinson v. Wal-Mart Stores, Inc.*, 2009 WL 1458020, at *4 (M.D. Fla. May 26, 2009); *see also Chapman v. CKE Restaurants Holdings, Inc.,* 2020 WL 1230130, at *7 (E.D.N.C. Mar. 12, 2020) (ruling similarly).

class allegations at the pleadings stage under Rule 12(f) where, as here, it is apparent from the face of the complaint that the proposed classes are not certifiable under Rule 23 as pleaded. *See, e.g., Lawson*, 286 F.R.D. at 700-01; *Foxx v. Ocwen Loan Servicing, LLC*, 2012 WL 2048252, at *9-10 (M.D. Fla. June 6, 2012); *see also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (recognizing that propriety of class certification may be "readily apparent" from the face of the complaint); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification").

Courts routinely find proposed classes to be uncertifiable and strike them at the pleadings stage, in TCPA cases and others, where *inter alia*: (i) the proposed definitions are impermissibly "fail-safe" or overbroad; and/or (ii) common questions of law or fact so plainly do not predominate and individualized determinations would so clearly be required. *See, e.g., Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *9 (S.D. Ohio May 7, 2014); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016).

**1. Plaintiff's Proposed Classes are Impermissibly "Fail-Safe."**

Plaintiff's proposed class definition is impermissibly fail-safe in violation of Rule 23 because the Court must make a determination on the merits of putative class

members' individual claims to determine membership. *See Fennell v. Navient Sols., LLC*, 2019 WL 3854815, at *3 (M.D. Fla. June 14, 2019). A fail-safe class is one that includes only those putative class members who are entitled to relief. *Id.* Such a proposed class is not permitted because it "shields the putative class members from receiving an adverse judgment" and "either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment." *Balassiano v. Fogo De Chao Churrascaria (Orlando) LLC*, 2020 WL 7365264, at *3 (M.D. Fla. Dec. 15, 2020), *report and recommendation adopted*, 2021 WL 2019722 (M.D. Fla. Jan. 7, 2021) (citation omitted).

Here, Plaintiff's proposed classes are impermissibly fail-safe because membership in each depends on the merits of the putative class members' underlying claims. Indeed, the proposed classes include, *inter alia*, "[a]ll persons in the United States" (i) who received a more than one call from Defendant… ; (ii) who were called "for substantially the ***same reason*** that Defendant called Plaintiff" (*i.e.,* whether the call was a "telephone solicitation" as defined by the TCPA); (iii) who "requested that Defendant ***stop*** calling" (*i.e.,* whether they gave and/or revoked their "prior express invitation or permission" as defined by the TCPA); and (iv) "for whom the Defendant claims they obtained the person's number in the same manner

as Defendant obtained Plaintiff's number." FAC ¶ 43 (emphasis added).[3] Each of these is a merits-based inquiry going directly to the heart of the underlying TCPA claims here, as discussed above and further below, and there is no objective way to determine who is a class member given Plaintiff's proposed classes as pleaded. Thus, Plaintiff's proposed classes are impermissibly fail-safe and, as such, properly stricken.

**2. Common Questions of Law and Fact Do Not Predominate.**

Plaintiff's proposed classes would require individualized determinations on the issue of consent, among others, which makes them impermissibly fail-safe. This also demonstrates that common questions of law and fact would not predominate, as required by Rule 23(b)(3). To meet this requirement, common questions must "present a significant aspect of the case" and "can be resolved for all members of the class in a single adjudication." *Bacon v. Stiefel Lab'ys, Inc.*, 275 F.R.D. 681, 695 (S.D. Fla. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.

[3] This aspect of the putative class definition is especially non-sensical and plainly uncertifiable because Plaintiff does not say how "Defendant claims" it got her number, and affirmatively alleges elsewhere that Sunpro does not obtain the numbers from anywhere but rather randomly cold calls and *never* calls consumers who have voluntarily provided their numbers to Sunpro. FAC ¶ 17. Regardless, even where the allegations are not internally contradictory but nonetheless turn on whether and how consent was obtained on an individual basis, they are impermissibly fail-safe and should be stricken. *See, e.g., Tomaszewski v. Circle K Stores Inc.*, 2021 WL 2661190, at *3 (D. Ariz. Jan. 12, 2021) (granting motion to strike class allegations "because the Defendant would be required to perform an inquiry in order to ascertain why each individual was messaged and whether Defendant would claim that consent was obtained for each recipient in the same manner as the named Plaintiffs.").

1998)). "[P]redominance is lacking" where, as here, "whether the calls were consented to—a threshold issue—is not subject to generalized proof." *Newhart v. Quicken Loans Inc.*, 2016 WL 7118998, at *2 (S.D. Fla. Oct. 12, 2016).

Thus, courts often deny class certification in TCPA cases on predominance grounds where individualized determinations of "consent" or "revocation" of consent would be needed. *See, e.g., Tillman v. Ally Fin. Inc.*, 2017 WL 7194275, at *7 (M.D. Fla. Sept. 29, 2017); *New Concept Dental v. Dental Res. Sys., Inc.*, 2020 WL 3303064, at *9–10 (S.D. Fla. Mar. 3, 2020); *Newhart*, 2016 WL 7118998, at *2; *Balthazor v. Cent. Credit Servs., Inc.,* 2012 WL 6725872, at *4 (S.D. Fla. Dec. 27, 2012); *Saulsberry v. Meridian Financial Servs., Inc*., 2016 WL 3456939, at *11 (C.D. Cal. Apr. 14, 2016) (revocation class).[4]

Courts also often strike class allegations at the pleadings stage and/or grant pre-discovery motions to deny certification, in TCPA cases and others, where individualized determinations of "consent" are needed. *See, e.g., Eldridge v. Cabela's Inc.,* 2017 WL 4364205, at *7-11 (W.D. Ky. Sept. 29, 2017); *Pepka, supra*; *Cholly v. Uptain Grp., Inc.*, 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017); *Dorfman v. Albertson's LLC*, 2020 WL 86192, at *5 (D. Idaho Jan. 7, 2020); *see*

---

[4] *See also Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1273-75 (11th Cir. 2019) (stating that determining whether each plaintiff has standing to support their internal DNC claim—i.e., whether he/she requested a defendant to stop calling him/her—"poses a powerful problem under Rule 23(b)(3)'s predominance factor" because each plaintiff "will likely have to provide some individualized proof").

*also Baisden v. Credit Adjusts., Inc.*, 813 F.3d 338, 343 (6th Cir. 2016) (stating that "[t]he context of the consent provided is ***critical***" in a TCPA case) (emphasis added).

Here, while they do not expressly include the word "consent," Plaintiff's proposed classes (FAC ¶ 43) are broadly defined to include ***every person in the United States*** who (i) was called "for substantially the same reason Defendant called Plaintiff," which Plaintiff alleges was for "solicitation" purposes (*id.* ¶ 38), and (ii) who "requested that Defendant stop calling." However, a call does not qualify as a "telephone solicitation" as is required for a DNC claim under the TCPA where the plaintiff gave their "prior express invitation or permission"—*i.e.,* their ***consent***—to receive the call. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2) & (f)(15). Similarly, though someone who consented can later "request" that the caller "stop calling"—*i.e.*, ***revoke*** consent—under the TCPA, they "***cannot use ambiguous statements***" and "must ***clearly*** revoke consent." *Barnett v. Bank of Am., N.A.*, 2021 WL 2187950, at *5 (W.D.N.C. May 28, 2021) (citing various cases, emphasis added). Thus, the legal and factual issues of consent and revocation are inextricably intertwined with Plaintiff's proposed class definitions as pleaded. Thus, Plaintiff's proposed classes should be stricken on this additional basis.

**3. Plaintiff's Proposed Classes are Impermissibly Overbroad.**

A proposed class definition is impermissibly overbroad where, as here, the class includes members to whom the defendant would not be legally liable. *See* 7A

Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005); *see also Walewski v. Zenimax Media, Inc.,* 502 F.App'x 857, 861 (11th Cir. 2012) (*per curiam*) (affirming denial of certification where proposed class definition "impermissibly include[d] members who ha[d] no cause of action as a matter of law").

Here, Plaintiff's "Do Not Call Registry Class" is impermissibly overbroad because as worded, it includes individuals who (i) do not use their numbers for "residential" purposes; (ii) have provided prior express invitation or permission; and/or (iii) had an established business relationship with Sunpro and therefore for whom there would be no claim for TCPA liability against Sunpro as a matter of law. *See* 47 C.F.R. § 64.1200(f)(15) ("The term telephone solicitation . . . does not include a call or message . . . to any person with that person's prior express invitation or permission…[or] with whom the caller has an established business relationship."); 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (prohibiting telephone solicitations to "residential telephone subscriber[s]"). Plaintiff's proposed "Internal Do Not Call Class" is also not limited to "residential telephone subscribers" as required under § 227(c). Non-residential users cannot bring a § 227(c) claim as a matter of law.

Courts routinely strike proposed class definitions on this basis. *See, e.g.*, *Glass v. Tradesmen Int'l, LLC*, 2020 WL 7129594, at *13 (N.D. Ohio Dec. 4, 2020) (striking overbroad class definition at the pleadings stage); *Ramsay v. Frontier, Inc.,* 2021 WL 651021, at *7 (D. Colo. Feb. 19, 2021) (striking proposed class as

impermissibly overbroad where it "would include thousands of individuals who never have been, and will never be," injured); *see also Licari Family Chiropractic v. eClinical Works, LLC*, 2018 WL 1449581, at *3–5 (M.D. Fla. Feb. 16, 2018) (denying certification in TCPA action where proposed class did not exclude individuals who solicited the fax and thus had no claim). Thus, the proposed classes are impermissibly overbroad and, as such, should be stricken. [5]

**4. The "Superfluous Historical Allegations" Should be Stricken.**

While disfavored, "motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy" are proper where, as here, "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Stapleton v. State Farm Fire & Cas. Co.*, 11 F. Supp. 2d 1344, 1345 (M.D. Fla. 1998). Courts have recognized that "'[s]uperfluous historical allegations are a proper subject of a motion to strike.'" *Woo v. Home Loan Group, L.P.*, 2007 WL 6624925, at *5 (S.D. Cal. July 27, 2007) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994)); *see also Gallegos v. Roman Catholic Archbishop of San Francisco*,

[5] With Plaintiff's proposed class definitions appropriately stricken for the myriad reasons above, all of Plaintiff's remaining class-related allegations (*e.g.*, FAC ¶¶ 44-48) are superfluous and immaterial and, as such, should be stricken as well. *See Spitalny v. Insurers Unlimited, Inc.*, 2005 WL 1528629, at *4 (M.D. Fla. June 24, 2005) (striking under Rule 12(f) as "immaterial" where there was no basis for the relief requested).

2016 WL 3162203, at *5 (N.D. Cal. June 7, 2016) (striking irrelevant allegations "involving a different plaintiff, and different underlying events").

The same is true for allegations about unauthenticated and unadjudicated complaints in other cases, thirty party opinions about the legality of the conduct in a case, or anonymous internet commentary. *See, e.g., In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,* 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013); *Maine State Retirement Sys. v. Countrywide Fin. Corp*., 2011 WL 4389689, at *20 (C.D. Cal. May 5, 2011).[6] Here, Plaintiff interjects various immaterial, impertinent, and unduly prejudicial allegations based on internet hearsay having nothing to do with ***her*** specific claims in ***this*** case. *See, e.g.*, FAC ¶ 20 & n. 4-13. Thus, the Court should also strike those improper "superfluous historical allegations" under Rule 12(f).

## V. CONCLUSION

For all of the reasons stated above, and for such additional reasons that may be presented to the Court prior to ruling hereon, Defendant Marc Jones Construction, LLC d/b/a Sunpro respectfully requests that this Court enter an order (i) dismissing Plaintiff's Amended Complaint in its entirety or (ii) alternatively, striking Plaintiff's class allegations, along with granting all other relief deemed just and proper.

---

[6] *See also McReynolds v. Lowe's Cos. Inc.,* 2008 WL 5234047, at *7 (D. Idaho Dec. 12, 2008); *Wiseberg v. Toyota Motor Corp.,* 2012 WL 1108542, at *13 (D.N.J. Mar. 30, 2012). Numerous courts have often opined on the utter lack of efficacy of internet commentary, like Plaintiff includes in her Amended Complaint. *See, e.g., In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010); *Nordstrom, Inc. v. NoMoreRack Retail Grp.,* 2013 WL 1196948, at *13 (W.D. Wash. Mar. 25, 2013).

Dated: August 30, 2021

Respectfully submitted,

By: /s/ *Yaniv Adar*

Yaniv Adar (Florida Bar No. 63804)
**MARK MIGDAL & HAYDEN**
80 SW 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-6623
Email: yaniv@markmigdal.com
*Attorneys for Defendant*
*Marc Jones Construction, LLC*

**LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned counsel for Defendant certifies that: (i) Defendant has complied with Local Rule 3.01(g) with respect to the foregoing motion to dismiss and/or strike prior to filing same; (ii) Defendant has conferred with counsel for Plaintiff (Avi Kaufman) regarding the basis of the motion to dismiss and/or strike and the parties do not agree on a resolution; and (iii) the motion to dismiss and/or strike is opposed.

By: /s/ *Yaniv Adar*
Yaniv Adar

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 30, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

By: /s/ *Yaniv Adar*

Yaniv Adar