UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLENE STEMKE, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                     Case No: 5:21-cv-274-30PRL

MARC JONES CONSTRUCTION, LLC,
a Louisiana company d/b/a Sunpro,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 13) and Plaintiff's Response in Opposition (Dkt. 15). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because the claims are adequately pled under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff alleged sufficient facts to establish standing. The Court also denies Defendant's alternative request to strike the class allegations because a determination of whether to certify the proposed class is premature at this early stage.

## BACKGROUND

Plaintiff's Amended Class Action Complaint alleges violations of the Telephone Consumer Protection Act ("TCPA"). The following facts are taken from the Amended Complaint (Dkt. 11) and assumed to be true at this stage. Plaintiff Charlene Stemke lives

in Ocala, Florida. Defendant Marc Jones Construction, LLC d/b/a Sunpro is a rooftop solar provider that solicits solar installations on properties throughout the United States. Sunpro engages in telemarketing to consumers in order to solicit its solar energy solutions. Sunpro places calls to individuals without their consent. These "cold calls" include calling individuals who have registered on the National Do Not Call Registry ("DNC"), who have never provided their phone number to Sunpro, and who never consented to receive phone calls from Sunpro.

Plaintiff received multiple calls from Sunpro without her consent and after she informed Sunpro to stop calling her. Specifically, Plaintiff registered her residential phone number on the DNC on June 30, 2003. Plaintiff uses her residential phone number for only personal matters. In approximately February of 2021, Plaintiff started receiving unsolicited telemarketing calls from Sunpro to her residential phone number regarding solar installations. Plaintiff answered at least two calls and specifically instructed the callers not to call her because she was not interested in solar installation. Despite this request, Sunpro's agents continued to place unsolicited calls to Plaintiff's phone number.

On March 8, 2021, Plaintiff received three unsolicited calls from Sunpro from the following phone numbers: 352-218-5852; 352-218-6435; and 352-218-5851. Plaintiff's attorneys called 352-218-5851 on March 21, 2021, and confirmed that this phone number belongs to Sunpro. The other phone numbers were no longer in service. On March 9, 2021, at approximately 2:30 PM, Plaintiff received another unsolicited call from Sunpro, this time from phone number 352-218-3644. Plaintiff's attorneys called 352-218-3644 on March 22, 2021, and confirmed this phone number belongs to Sunpro.

2

Plaintiff alleges that Sunpro's calls harmed her "in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone." Plaintiff seeks relief under the TCPA's do not call provisions and related implementing regulations, which together and in pertinent part: (i) prohibit "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the DNC; and (ii) require any "person or entity making a call for telemarketing purposes" to "honor a residential subscriber's do-not-call request" made to them within a "reasonable time" and to have internal DNC policies and procedures in place meeting certain minimum standards. 47 U.S.C. §§ 227(c)(5) & (d); 47 C.F.R. §§ 64.1200(c)(2) & (d).

The Amended Complaint seeks to certify the following classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom the Defendant claims they obtained the person's number in the same manner as Defendant obtained Plaintiff's number.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that Defendant stop calling.

Defendant moves to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) and lack of standing. In the alternative, Defendant requests that the

Court strike the class allegations. Defendant's arguments read like a summary judgment motion and are unpersuasive at this stage.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

The Court concludes Plaintiff's claims contain sufficient factual matter to meet the plausibility standard. As Plaintiff points out in the response in opposition, the TCPA squarely prohibits telemarketing calls to persons who list their residential phone number on the DNC. The question before the Court at this juncture is whether Plaintiff pleads a valid cause of action, not whether Plaintiff establishes the claim. Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the subject calls.

For example, Sunpro argues that Plaintiff fails to "support" a plausible inference that Sunpro is directly or vicariously liable for the calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue. But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls. To the extent Sunpro disputes that it directly placed the calls, Sunpro may take discovery on this matter and argue the issue at the dispositive motion stage.

Sunpro next argues that, because Plaintiff failed to plead facts showing any conduct attributable to Sunpro as opposed to third parties, Plaintiff lacks Article III standing. The Court quickly disposes of this argument because the Court concludes that the Amended Complaint sufficiently alleges that Sunpro placed the subject calls. Sunpro's remaining arguments in favor of dismissal are denied for the reasons stated in Plaintiff's response.

Finally, Sunpro's motion to strike the class allegations is denied as premature. Rule 23(c) directs a district court "[a]t an early practicable time after a person sues or is sued as a class representative, ... [to] determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Although a Court can determine whether to certify a class based solely on a complaint, *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1309 (11th Cir. 2008), the issue is generally raised once a plaintiff moves for class certification. As the Eleventh Circuit explained below, that is because the determination of whether to certify the class usually requires some discovery:

> [T]he Supreme Court has emphasized that class certification is an evidentiary issue, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend,* ––– U.S. ––––, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (internal quotation marks omitted). In fact, "the determination usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential...." *Huff v. N.D. Cass Co. of Ala.,* 485 F.2d 710, 713 (5th Cir.1973) (*en banc*) (internal citation and footnote omitted). After all, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2552, 180 L.Ed.2d 374 (2011) (internal quotation marks omitted).

*Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 Fed. App'x 930, 934 (11th Cir. 2016).

The allegations in the Amended Complaint are not so facially defective to allow the Court to deny certification without permitting Plaintiff to take discovery to try to satisfy the requirements of Rule 23. Sunpro is free to renew the arguments once Plaintiff moves for class certification.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 13) is denied.

2. Defendant shall file an answer to the Amended Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this September 23, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record